IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO


| | | |
|---|---|---|
| LARRY A. HARMS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV06-34-S-LMB |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| JEFF CONWAY and LAWRENCE | ) | |
| WASDEN, Attorney General of the | ) | |
| State of Idaho, | ) | |
| | ) | |
| Respondents. | ) | |
| ———————————————— | ) | |

Pending before the Court in this habeas corpus action are the following: a Motion for

Summary Dismissal (Docket No. 12) filed by Respondents Jeff Conway and Lawrence Wasden

(collectively referred to as "Respondent"), a Motion to Strike Response to Motion for Summary

Dismissal (Docket No. 16) filed by Respondent, and a Motion for Default Judgment (Docket No.

18) filed by Petitioner Larry Harms ("Petitioner").  All parties have consented to the jurisdiction

of a United States Magistrate Judge to enter final orders in this case (Docket No. 23).  Having

reviewed the record, including the state court record, the Court concludes that oral argument is

unnecessary.  Accordingly, the Court enters the following Order.

## I.

### PETITIONER'S MOTION FOR DEFAULT JUDGMENT

Petitioner has filed a Motion for Default Judgment (Docket No. 18).  Default judgment is

not applicable in federal habeas corpus matters.  *See Gordon v. Duran*, 895 F.2d 610, 612 (9th

Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not

MEMORANDUM ORDER  1

entitle the petitioner to a default judgment."); *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970) ("Rule 55(a) has no application in habeas corpus cases").  Therefore, Petitioner's Motion for Default Judgment (Docket No. 18) is denied.

## II.

## RESPONDENT'S MOTION TO STRIKE

Respondent requests that the Court strike Petitioner's Response to Motion for Summary Dismissal (Docket No. 14), Brief (Docket No. 14-2), and "Evidence Supporting My Claim" (Docket No. 14-3), including any attached documents.  Respondent argues that the documents were improperly submitted on behalf of Petitioner by Sarah L. Wolfe, Petitioner's mother, who is not an attorney.

The Court has reviewed the documents and they appear to have the implicit approval of Petitioner, given that they are written in the first person and are the only documents filed in response to the Motion to Dismiss.  It does not appear that Petitioner intends to file any other response, and to strike the documents would leave the record devoid of any argument opposing the Motion to Dismiss.  Therefore, Respondent's Motion to Strike Response to Motion for Summary Dismissal (Docket No. 16) is denied.

## III.

## RESPONDENT'S MOTION FOR SUMMARY DISMISSAL

### A.    Standard of Law

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In

MEMORANDUM ORDER  2

conducting such a review, the Court construes the facts in a light most favorable to the petitioner.

Further**,** when a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986).[1]  A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment. *Id.* Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by the parties.

The current Petition is governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which provides for a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).  The one-year period begins to run from the date of one of four triggering events, as specified in 28 U.S.C. § 2244(d)(1)(A)-(D).  The most common triggering event is the date upon which the conviction became final, either after direct appeal or after the time for seeking an appeal has expired.

The statute provides tolling (suspending) of the one-year period for all of  "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  This is referred to as "statutory tolling."  If, after applying statutory tolling, a petitioner's petition is deemed untimely, a federal court can hear the claims only if the petitioner can establish that "equitable tolling" should be applied.  *See Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir.2002) (holding that equitable tolling of the filing deadline for a habeas petition is available "if extraordinary

---

[1] *Mack* was abrogated on other grounds by *Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

MEMORANDUM ORDER  3

circumstances beyond a prisoner's control make it impossible to file a petition on time") (quoting *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999)) (internal quotation marks omitted).

**B.      Discussion**

      In his Habeas Corpus Petition, Petitioner challenges two different state court convictions. The Court will review each of Petitioner's state court cases separately for statute of limitations purposes.

      1.    <u>Gooding County Case No. CR98-167: Possession of Controlled Substances and Failure to Affix Drug Tax Stamps</u>

          *a.      Procedural History*

      After a jury trial in Gooding County Case No. CR98-167, Petitioner's judgment of conviction was entered on December 22, 1998, on the following counts: felony possession of a controlled substance, felony failure to affix drug stamps, misdemeanor failure to affix drug stamps, and two misdemeanor possession counts.  *State's Exhibit A-1*, at p. 87.  Petitioner filed a direct appeal, challenging the sufficiency of the evidence supporting his conviction on the felony possession charge.  *See State's Exhibit B-1.*  The Idaho Court of Appeals affirmed Petitioner's conviction on January 31, 2000.  *State's Exhibit B-4.*  Petitioner did not file a petition for review with the Idaho Supreme Court, and thus the Idaho Court of Appeals issued its remittitur on February 22, 2000, when the time for seeking review expired.  *State's Exhibit B-5.*

      One year later, on February 22, 2001, Petitioner filed a state post-conviction relief petition challenging his convictions in Case No. CR98-167.  The state district court dismissed the petition on December 9, 2003.  *State's Exhibit G-1.*  Petitioner did not file an appeal.

      On May 5, 2005, Petitioner filed an original petition for writ of habeas corpus with the Idaho Supreme Court, challenging the decisions in Case Nos. CR98-167 and CR2003-1851.  It

MEMORANDUM ORDER  4

was denied twenty days later, on May 25, 2005.  *State's Exhibits H-1 to H-3*.  On January 25,

2006, Petitioner filed his federal Habeas Corpus Petition (Docket No. 1).

>    b.    *Discussion*

For statute of limitations purposes, Petitioner's judgment became final on February 22,

2000, when the Idaho Court of Appeals issued its remittitur, marking the expiration of the time

for filing a petition for review with the Idaho Supreme Court.  *See Hemmerle v. Schriro*, -- F.3d -

-, 2007 WL 2050945, at *3 (9th Cir. July 19, 2007); *Wixom v. Washington*, 264 F.3d 894, 897

(9th Cir. 2001).  The statute of limitations ran from February 23, 2000,[2] to February 22, 2001,

when Petitioner filed his post-conviction relief petition.[3]

Petitioner's post-conviction case was dismissed on December 9, 2003, and Petitioner did

not appeal.  Thus, when Petitioner's appeal time expired on January 20, 2004, 42 days after

December 9, 2003, the federal statute of limitations began to run again.  With one day remaining

---

[2]  The statute specifies that the "limitation period shall run from . . . the date on which the judgment became final. . . ."  28 U.S.C. § 2244(d)(1)(A).  In *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001), the Ninth Circuit clarified that Federal Rule of Civil Procedure 6(a) applies to the federal habeas corpus statute of limitations, so that the one-year time period begins running the day after the judgment becomes final and ends on the last day of the limitation period.  For example, the one-year grace period for convictions that became final prior to the April 24, 1996, enactment of AEDPA begins one day after enactment, April 25, 1996, and ends on the last day of the 365-day period, April 24, 1997.  *Id*.

[3]  The Court notes that Petitioner likely is entitled to the mailbox rule, which would mean that he is entitled to claim as his filing date the date he gave the post-conviction petition to prison officials for mailing.  *See Houston v. Lack*, 487 U.S. 266 (1988).  However, adding a few days would not aid him, because Petitioner missed his federal statute of limitations by several years.

MEMORANDUM ORDER  5

under the one-year statute of limitations, Petitioner would have had to file his federal Habeas

Corpus Petition no later than January 21, 2004, which he did not do.[4]

Petitioner next filed a state habeas corpus action on May 5, 2005.  This action could not

toll the statute because it was filed more than a year after the date the statute of limitations

expired.  *See Ferguson v. Palmateer*, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not

permit the reinitiation of the limitations period that has ended before the state petition was

filed.").  Therefore, the portion of Petitioner's Petition challenging his conviction and sentence

in Case No. CR98-167, filed January 25, 2006, is untimely and thus barred by the federal statute

of limitations, 28 U.S.C. § 2244(d)(1).

      2.      Gooding County Case Nos. CR00-384 and CR2003-1851, Unlawful Possession of Firearms

            *a.*     *Procedural History*

In Gooding County Case No. CR00-384, after an interlocutory appeal regarding

suppression of evidence, the state court dismissed without prejudice eight counts of unlawful

possession of a firearm.  *State's Exhibit E-1*.  The State then filed another case, CR2003-1851,

again charging him with eight counts of unlawful possession of a firearm.  *State's Exhibit F-1*.

After jury trial, Petitioner was found guilty, and on November 19, 2004, judgment was entered.

*See id.*, at p. 59.  Petitioner did not file an appeal, and his conviction became final 42 days later,

on December 31, 2004.

---

[4] *See Khen v. Warden, High Desert State Prison*, 2006 WL 463151 at *3 (D. Ca. 2006) (tolling the statute through the last date the post-conviction or collateral review case was "pending," which includes the day it was dismissed or denied); *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) ("[t]he limitation period began to run again the day after McClendon was denied state post-conviction relief").

MEMORANDUM ORDER  6

On May 5, 2005, Petitioner filed his original petition for writ of habeas corpus with the Idaho Supreme Court, challenging the decisions in Case Nos. CR98-167 and CR2003-1851.  It was denied on May 25, 2005.  *State's Exhibits H-1 to H-3.*  On January 25, 2006, Petitioner filed his federal Habeas Corpus Petition (Docket No. 1).

    *b.*  *Discussion*

The federal statute of limitations began running on January 1, 2005, and ran for 125 days before it was tolled on May 5, 2005, when Petitioner filed the original petition for writ of habeas corpus with the Idaho Supreme Court.  The petition was denied on May 25, 2005, and the statute began running again on May 26, 2005.  It ran for 240 additional days, and expired on January 20, 2006, five days before Petitioner filed his federal Habeas Corpus Petition (Docket No. 1).[5]

Alternatively, if the Court adopts Respondent's argument that Petitioner's original petition for writ of habeas corpus filed directly with the Idaho Supreme Court was *not* a properly-filed collateral relief action, it would not toll the statute of limitations during the twenty days it was pending in state court.  *See Respondent's Memorandum*, at pp. 9-10 (Docket No. 12-2).  *Artuz v. Bennett*, 531 U.S. 4 (2000).  Under this calculation, Petitioner's Petition was late by an additional twenty days.

---

  [5] Petitioner is not entitled to the mailbox rule on his federal filing because it was mailed to the Clerk of Court by Sarah Wolfe, a nonprisoner, on behalf of Petitioner.  *See Calwell v. Amend*, 30 F.3d 1199, 1201 (9th Cir. 1994) ("The exception to ordinary filing requirements established in *Houston* is premised on the pro se prisoner's mailing of legal documents [to the Clerk of Court] through the conduit of prison authorities whom he cannot control and whose interests might be adverse to his." (internal citation omitted)); *Miller v. Sumner*, 921 F.2d 202 (9th Cir. 1990) ("For the [*Houston*] exception to filing requirements for pro se prisoner [filings] to apply, the prisoner must deliver the [filing] to prison authorities in a timely fashion for mailing so that the authorities may post it through the prison log system.").

MEMORANDUM ORDER  7

3.      Petitioner's Argument for Additional Statutory Tolling

Plaintiff alleges that additional statutory tolling time should be applied because he filed a state habeas corpus petition with the Ada County Fourth Judicial District Court on April 14, 2005, but it was rejected by that court because it was not typed or written in black in and it was not submitted on 8 ½ x 11-inch paper.  He asserts that the statute of limitations should be statutorily tolled for the two-week period during which that state petition was pending.

The United States Supreme Court has held that a state collateral relief action must be "properly filed" in order to toll the statute.  *Artuz v. Bennett*, 531 U.S. at 8.  The Supreme Court has explained that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those that prescribe "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."  *Id*.  Clearly, Petitioner's state petition was not properly filed but was rejected for noncompliance with applicable state rules.  Thus, it cannot statutorily toll the federal statute of limitations.

Petitioner's reliance on *Boag v. MacDougall*, 454 U.S. 364 (1982), rather than *Artuz v. Bennett*, is misplaced.  In *Boag*, the Supreme Court held that (1) the lower court should not have dismissed as moot the plaintiff's crudely-written civil rights complaint alleging that he was held in segregation without notice of any charges simply because the inmate had been transferred to another facility, and (2) the Court of Appeals should not have affirmed the dismissal on grounds that the subject matter was frivolous.  The form of the complaint -- whether it was written on toilet paper or not, as Plaintiff here alleges -- was *not* at issue on appeal.  While the dissent argued that the complaint could have been dismissed for improper form, the majority declined to

MEMORANDUM ORDER  8

issue its opinion on that basis, stating that "[i]f a dismissal [was] to be based on the ground that petitioner failed to comply with the local rule. . . a brief statement explaining that ground should [have been] made by the District Court to facilitate intelligent appellate review." *Id*. at 365.

Therefore, Petitioner's claim for additional statutory tolling is unavailing, and the Court will not toll the two-week time period when Petitioner's improperly-filed state habeas corpus was pending in the state district court. As a result, the portion of Petitioner's Petition challenging his conviction and sentence in Case No. CR2003-1851 is untimely and thus barred by the federal statute of limitations, 28 U.S.C. § 2244(d)(1).

In sum, after applying the applicable statutory tolling, Petitioner's federal Petition challenging two sets of state convictions, Gooding County Case Nos. CR 98-167 and CR2003-1851, is deemed untimely unless equitable tolling applies.

4. <u>Equitable Tolling</u>

If, after applying statutory tolling, a petitioner's petition is deemed untimely, a federal court can hear the claims only if the petitioner can establish that equitable tolling should be applied. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In order to qualify for equitable tolling a circumstance must have *caused* Petitioner to be unable to file his federal Petition in time. *See Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001) (requiring petitioner to show that "extraordinary circumstances" were the "but-for and proximate cause of his untimeliness").

MEMORANDUM ORDER  9

Petitioner argues that he did not have notice from the state court that his state habeas petition had to be typed or written in black ink or that it must be filed on 8 ½ x 11-inch paper. The petition was rejected, and the time period is not subject to statutory tolling.  The Ninth Circuit has recently joined other circuits in holding that ignorance of the law alone is not an appropriate ground for equitable tolling.  *Raspberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006).  In addition, the state court was not enforcing a standard too difficult for prisoners to meet, as the Idaho state prisons regularly provide 8 ½ x 11-inch paper and black ink pens to facilitate indigent prisoners' access to courts, and Petitioner does not allege that the prison would not provide him paper or pens.  This Court takes judicial notice of the fact that it receives thousands of pages of legal pleadings and papers from indigent prisoners written in black ink on 8 ½ x 11-inch paper every year.  Therefore, the Court finds that equitable tolling is not applicable because Petitioner has failed to demonstrate diligence or the existence of extraordinary circumstances.

Petitioner also argues that he was permitted to visit the legal resource center only one hour per week.  However, Petitioner has not shown specifically how these deficiencies were related to his late filing or ultimately caused Petitioner to be unable to file his federal Petition in time.

Petitioner also argues that he did not receive the February 22, 2000, remittitur from the Idaho Court of Appeals on the direct appeal of his first conviction until 2001, because he was imprisoned during that time.  It is clear that Petitioner had received these documents by February 21, 2001, when he filed his post-conviction action. Because Petitioner's federal Petition challenging his first conviction was over three years late, even if the court equitably tolled this time period through 2001, his federal Petition would still have been over two years late because

MEMORANDUM ORDER  10

the statute would have run between December 9, 2003, when his post-conviction action was dismissed, and December 9, 2004.  Petitioner's next state court action, the original habeas corpus petition filed with the Idaho Supreme Court, was filed over a year later on May 5, 2005, too late to toll the federal statute.

Petitioner also argues that his state post-conviction petition was filed in 2001, and that it was ignored by the state court for nearly three years.  However, because all of this time was statutorily tolled, it has no relevance to an equitable tolling argument.  Similarly, Petitioner argues that his post-conviction action was dismissed five months after his sentence was served, and, therefore, it was not effective relief.  However, the issue of whether the state post-conviction action was effective relief is not relevant to the statute of limitations issue because the time period was tolled while that action was pending.

5.   Actual Innocence Exception to Statute of Limitations

The Ninth Circuit has suggested that there may be an actual innocence exception to the one-year statute of limitations.  *See Majoy v. Roe*, 296 F.3d 770 (9th Cir. 2002).  *Majoy* indicates that district courts should first consider whether a petitioner is actually innocent before deciding if an actual innocence exception to the statute of limitation exists.  *Id*. at 777-78.  To show actual innocence, a petitioner must make a colorable showing of *factual* innocence.  *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

Petitioner argues that he is actually innocent of his drug tax stamp conviction because the statute was declared unconstitutional.  While it is true that the 1989 version of the Illegal Drug Stamp Tax Act was found unconstitutional, the deficiencies in the Act were cured by the Legislature by enacting an Amendment in 1990.  *See I.C.* § 63-4206.  *See State v. Smith*, 813

MEMORANDUM ORDER  11

P.2d 888, 890 (Idaho 1991).  Petitioner was charged in March 1998, and, thus, he was prosecuted under the new statute, cured of its previous constitutional deficiencies.

Petitioner also argues that he is actually innocent because he is being subjected to a Double Jeopardy violation.  Double Jeopardy is a means to showing legal innocence, not factual innocence.  *See Helm v. Armontrout*, 1990 WL 168890, *5 (D. Mo. 1990).

In summary, Petitioner has pointed to nothing that would support an actual innocence argument based on factual innocence.  As a result, Petitioner cannot overcome the untimeliness of his petition.

**C.     Conclusion**

The Court concludes that Petitioner's federal Petition was not timely filed for the claims arising from either set of state convictions.  Petitioner has not shown that extraordinary factual circumstances existed or that he acted diligently such that equitable tolling would apply.  In addition, Petitioner has not shown that he is actually innocent, which might support an exception to the statute of limitations.  To the extent Petitioner has made other arguments the Court has not addressed herein, such as that AEDPA does not apply to him because he is not a "terrorist," the Court implicitly rejects these arguments.

Accordingly, Petitioner's Petition is subject to dismissal with prejudice, and, therefore, the Court does not reach Respondent's argument that Petitioner's claims are also procedurally defaulted.

**D.     Instructions for Appeal**

Before a petitioner may appeal from the dismissal of a 28 U.S.C. § 2254 petition, he must first obtain a certificate of appealability by filing a request for a certificate of appealability with

MEMORANDUM ORDER  12

the federal district court. 28 U.S.C. § 2253(c). Until a certificate of appealability has been

issued, an appellate court lacks jurisdiction to rule on the merits of an appeal. *Miller-El v.*

*Cockrell*, 537 U.S. 322, 336 (2003). A federal district court will not issue a certificate of

appealability absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would

find debatable both the merits of the constitutional claims and any dispositive procedural rulings

by the district court. *Miller-El v. Cockrell*, 537 at 336 (2003).

## IV.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

A.      Respondent's Motion for Summary Dismissal (Docket No. 12) is GRANTED.

B.      Respondent's Motion to Strike Response to Motion (Docket No. 16) is DENIED.

C.      Petitioner's Motion for Default Judgment (Docket No. 18) is DENIED.

D.      Petitioner's Petition is DISMISSED with prejudice.

DATED:  **August 6, 2007**.

Honorable Larry M. Boyle
U. S. Magistrate Judge

MEMORANDUM ORDER  13